United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON GRANT GARZA,

    Plaintiff,

    v.

CITY & COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

_____/

No. C 02-3485 PJH

**ORDER DENYING REQUEST FOR RECONSIDERATION**

The court is in receipt of a letter from plaintiff Jason Grant Garza dated November 20, 2006.[1] Plaintiff seeks an order "re-opening" the above-entitled action because of "new evidence," and also seeks appointment of counsel. The court interprets the request to "re-open" as a request for reconsideration under Federal Rule of Civil Procedure 60(b).[2] Because the court finds that plaintiff's request does not meet the standard under Rule 60(b), the request is DENIED.

**BACKGROUND**

Plaintiff filed this action in the Superior Court of California, County of San Francisco, on April 26, 2002, alleging violation of the federal Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), and also alleging violation of his federal constitutional rights under 42 U.S.C. § 1983, as well as various state law causes of action. He alleged that defendant San Francisco General Hospital ("S.F. General"), part of

---

[1] Plaintiff did not file the letter, and did not submit a certificate of service of the letter on defendants. The court has instructed the clerk of the court to file the letter.

[2] Plaintiff suggests that he is entitled to further judicial review of his claim under either California Code of Civil Procedure § 1094.5 or California Welfare & Institutions Code § 10962. However, neither of those California statutes provides authority for reconsideration of an order granting summary judgment in federal district court.

defendant City and County of San Francisco ("CCSF"), had refused to render emergency medical services when he sought treatment at S.F. General on April 21, 2001.

Plaintiff served CCSF with the summons and complaint on June 24, 2002, and CCSF removed the action on July 19, 2002. At the initial case management conference on December 5, 2002, the court set the pretrial schedule, including a discovery cut-off date of June 4, 2003, and a dispositive motions hearing date on August 6, 2003 (later extended to August 13, 2003). After the close of discovery, CCSF filed a motion for partial summary judgment on the federal causes of action. Plaintiff filed an opposition to the motion, and the court heard argument on August 13, 2003.

The court granted CCSF's motion, finding that the § 1983 claim was time-barred; and dismissing the EMTALA claim against defendant hospital employee Paul Lewis, because the statute does not provide for a private right of action against individuals. With regard to the EMTALA claim against CCSF, the evidence showed that Lewis had conducted a medical screening and determined that plaintiff was not experiencing a true emergency. The court found that plaintiff had failed to provide evidence establishing a triable issue with regard to whether the medical evaluation he received at S.F. General was appropriate and whether it was comparable to those given to similarly situated patients, and had also failed to show that he suffered from an acute or severe medical condition or that he required immediate treatment to prevent serious bodily injury. The court issued an order on August 14, 2003 remanding the state law claims to San Francisco Superior Court. Plaintiff now asserts that he has "new evidence" regarding his EMTALA claim. Specifically, he contends that a November 16, 2006, letter from Albert Quintero, Acting Field Operations Branch Chief – Bay Area, State of California Department of Health Services, Division of Licensing and Certification, shows that he received only a "triage" screening, not a "medical evaluation," at S.F. General on April 21, 2001.

**DISCUSSION**

A.  Legal Standard

A district court may reconsider its grant of summary judgment under either Federal

Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment), as appropriate. School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A motion to alter or amend judgment pursuant to Rule 59(e) must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(e). Because summary judgment was granted on plaintiffs' federal claims on August 13, 2003, a Rule 59(e) motion would be untimely. Where the Rule 59(e) deadline has passed, a party seeking amendment of the judgment can move under Rule 60(b).

In this court, the standards set forth in Civil Local Rule 7-9 also apply. A party seeking reconsideration must show either a) that at the time of the motion, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order from which relief is sought; or 2) the emergence of new material facts or a change of law occurring after the time of such order; or 3) a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order. Civ. L.R. 7-9(b).

B.   Plaintiff's Motion for Reconsideration

Plaintiff contends that the court should reconsider its ruling on summary judgment – specifically, the ruling that the evidence showed that plaintiff received a medical screening at S.F. General on April 21, 2001. Rule 60(b) provides, in relevant part,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

The court finds that plaintiff's motion must be DENIED because it is untimely. The

3

order granting CCSF's motion for summary judgment on the federal causes of action was filed August 14, 2003. Plaintiff submitted his request for reconsideration more than three years later. Under Rule 60(b), a motion for reconsideration on the basis of newly-discovered evidence must be made within one year of the original order.

Moreover, even were the motion not time-barred, it would not be granted because plaintiff has not shown that the "evidence" could not with reasonable diligence have been discovered prior to the hearing on CCSF's motion for summary judgment. A motion for reconsideration of an order granting summary judgment is treated similarly to a motion for a new trial, requiring evidence or argument that could not have been presented earlier. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 14:362.1 (2006).

Evidence is not "newly discovered" for purposes of a motion for reconsideration if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence. See Engelhard Industries v. Research Instrumental, 324 F.2d 347, 352 (9th Cir.1963). Additionally, the evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case. Coastal Transfer v. Toyota Motor Sales, 833 F.2d 208, 210 (9th Cir. 1987).

Here, the letter from Mr. Quintero discusses the record of plaintiff's medical screening at S.F. General on April 21, 2001. The record of that "triage" screening was in plaintiff's possession at the time of the motion, and plaintiff previously argued in his opposition to CCSF's motion that the triage screening did not constitute an "appropriate medical screening" or "evaluation" under EMTALA. However, as the court noted in the August 13, 2003, order, plaintiff provided no evidence to counter the evidence provided by CCSF that the triage investigation performed by Davis was appropriate under the circumstances. Moreover, the evidence presented in connection with CCSF's motion showed that plaintiff was uncooperative with the triage nurses at the hospital.

Congress enacted EMTALA to respond to the specific problem of hospital emergency rooms refusing to treat patients who were uninsured or who could otherwise not pay for treatment. Baker v. Adventist Health, Inc., 260 F.3d 987, 993 (9th Cir. 2001). In

4

such situations, emergency rooms would either decline to provide treatment or transfer patients in an unstable condition to other hospitals, thereby jeopardizing patients' health. Id. (citing H.R. Rep. No. 99-241, pt. I, at 27 (1985), reprinted in 1986 U.S.C.C.A.N. 579, 605; Jackson v. East Bay Hospital, 246 F.3d 1248, 1254 (9th Cir. 2001)).  The statute is not intended to create a national standard of care for hospitals or to provide a federal cause of action akin to a state law claim for medical malpractice.  Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1258 (9th Cir.1995).

EMTALA requires that a hospital provide an "appropriate medical screening examination within the capability of the hospital's emergency department."  42 U.S.C. § 1395dd(a).  This examination must determine "whether or not an emergency medical condition . . . exists."  Id.  An "emergency medical condition" is one "manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in – (i) the placing of the health of the individual . . .  in serious jeopardy, (ii) serious impairment to bodily functions, or (iii) serious dysfunction of any bodily organ or part . . . ."  42 U.S.C. § 1395dd(b)(1)(A).  If the hospital detects an emergency medical condition, the hospital must provide "either (A) within the staff and facilities available at the hospital, for such medical examination and such treatment as may be required to stabilize the medical condition, or (B) for the transfer of the individual to another medical facility."  42 U.S.C. § 1395dd(b)(1).

A hospital satisfies EMTALA's "appropriate medical screening" requirement if it provides a patient with an examination comparable to the one offered to other patients presenting similar symptoms, unless the examination is so cursory that it is not "designed to identify acute and severe symptoms that alert the physician of the need for immediate medical attention to prevent serious bodily injury." Jackson, 246 F.3d at 1256 (quoting Eberhardt, 62 F.3d at 1257).

In the August 14, 2003, order, the court found that plaintiff had provided no evidence that the triage screening was not appropriate within the capability of the hospital's

5

emergency department, or that he suffered from an acute or severe medical condition. The purported new "evidence" provided by plaintiff would not change that conclusion. Thus, production of the evidence earlier would not have been "likely to change the disposition of the case." Coastal Transfer, 833 F.2d at 210.

## CONCLUSION

In accordance with the foregoing, plaintiff's request for reconsideration of the order granting summary judgment on the EMTALA claim is DENIED. The request is untimely, and does not satisfy the requirements of Rule 60(b). The request for appointment of counsel is also DENIED.

The court will entertain no further motions in this case.

**IT IS SO ORDERED.**

Dated: November 30, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge